IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL CHENAULT, and all other occupants of 2901 Trinity St., Irving, Texas 75062, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 3:08-CV-0076-M |
| CHASE HOME FINANCE LLC, | ) ) | |
| Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge for pre-trial management. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Before the Court is Defendant Chase Home Finance, LLC's Motion for Summary Judgment, filed on May 15, 2008. (Dkt. No. 11). Plaintiff, Daniel Chenault, has failed to respond. After careful consideration of all parties' submissions and the law applicable to the issues before the court, the magistrate judge recommends that Defendant's motion be granted.

Statement of Case: In October 1995, Chenault purchased a home, and executed a promissory note and a deed of trust to secure payment. The note and deed of trust were subsequently assigned to Chase Home Finance, LLC (CHF). Sometime around April 2006, Chenault defaulted on his mortgage loan. In May 2006, CHF provided notice of default to

Chenault, giving him 30 days to cure, which he failed to do.[1] In November 2006, CHF's Homeowner's Assistance Department reviewed loss mitigation options with Chenault. On December 6, 2006, Chenault faxed a letter to CHF complaining that CHF's representatives failed to inform him of the Homeowner's Assistance Department when he first began having trouble making his loan payment, thus failing to give him adequate time to obtain a loan modification. On December 12, 2006, CHF advised Chenault that he did not qualify for any loss mitigation options, and that his property would be foreclosed on. Chenault filed an action in state court and obtained a temporary restraining order to prevent the foreclosure sale of his property, which was scheduled for January 2, 2007. This first action was subsequently dismissed without prejudice and without a preliminary injunction being granted.

Beginning in October 2007, CHF's counsel sent Chenault necessary notices to begin foreclosure proceeding. The home was ultimately sold at a foreclosure sale on November 6, 2007. However, Chenault refused to vacate the premises and in December 2007, he filed this action in state court seeking to restrain CHF from completing the eviction process. On January 17, CHF removed the action to federal court under diversity and federal question jurisdiction. In the meanwhile, CHF filed suit in state court and obtained a judgment on January 23, 2008, evicting Chenault from the property.

In this action, Chenault seeks to enjoin CHF from completing the eviction process on his property. He claims CHF failed to conduct a complete and honest review of any and all available retention options and/or loss mitigation review under 12 U.S.C. § 2605(e)(1)(A)(B)(i)

---

[1] Chenault made one last partial payment prior to foreclosure proceedings being initiated on August 10, 2006.

and (ii). He also claims CHF failed to negotiate in good faith to allow Plaintiff time to cure the deficiency and comply with federal regulations pursuant to 12 U.S.C. § 2605(e)(2) and (3), and 24 C.F.R. 3500.21(e).[2]

In the motion for summary judgment, CHF argues that Plaintiff has failed to produce evidence of a wrongful foreclosure, and that any claim premised on 12 U.S.C. § 2605(e) fail as a matter of law.

<u>Findings and Conclusions</u>:  To prevail on a motion for summary judgment, the moving party has the initial burden of showing that there is no genuine issue of any material fact and that judgment should be entered as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2509-10 (1986).  Once the moving party has made an initial showing, the party opposing the motion for summary judgment may not merely rely on his pleadings, but must come forward with competent evidentiary materials that establish a genuine fact issue. *Anderson,* 477 U.S. at 256-257, 106 S. Ct. at 2514; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585-87, 106 S. Ct. 1348, 1355-56 (1986).

Plaintiff Chenault has not responded to Defendant CHF's motion for summary judgment. While his failure to respond does not permit the entry of a "default" summary judgment, the court has the authority to accept Defendant's evidence as undisputed. *See Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *see also Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d

---

[2] Chenault has improperly sued on behalf of "[a]ll other occupants" of his house. As a *pro se* litigant, he cannot represent any other individual in this civil action. *See* Fed. R. Civ. P. 11(a) (providing that "[e]very pleading, written, motion, and other paper must be signed by at least one attorney of record in the attorney's name -- or by a party personally if the party is unrepresented." ).

455, 458 (5th Cir. 1998) (holding a party opposing summary judgment is required to identify specific evidence in the record and articulate the precise manner in which that evidence supports her claim). Therefore, this Court accepts Defendant's evidentiary assertions as undisputed. *See Ragas,* 136 F.3d at 458 (noting the court does not have the duty to sift through the record in search of evidence to support a party's opposition to summary judgment); *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915-16 & n. 17 (5th Cir. 1992).

The undisputed summary judgment evidence establishes that the foreclosure and sale of Plaintiff's property were proper. Chenault was in default of the note and deed of trust at the time of the foreclosure sale, and all requisite notices were sent to him prior to the foreclosure sale.

The complaint relies on 12 U.S.C. § 2605(e) to argue that foreclosure was wrongful and, that Chenault is entitled to an injunction enjoining his eviction. The summary judgment evidence demonstrates that CHF did not violate § 2605(e). Even assuming a violation under § 2605(e), the statute does not provide a defense to foreclosure. *See* 12 U.S.C. § 2605(f)(1) (providing for damages and costs for failure to comply with any provision of § 2605); *Trahan v. GMAC Mort. Corp.*, No. EP_05-CA-0017-FM, 2006 WL 5249733, at *8 (W.D. Tex. Jul. 21, 2006) (discussing damages available for violations of § 2605). Under these circumstances, Defendant CHF is entitled to judgment as a matter of law.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Defendant's motions for summary judgment (Doc. #11) be GRANTED.

A copy of this recommendation will be mailed to Plaintiff at the address shown on the

4

docket sheet, and to counsel for Defendant.

     Signed this 18th day of September, 2008.

                                            /s/ Wm. F. Sanderson, Jr.
                                            WM. F. SANDERSON, JR.
                                            UNITED STATES MAGISTRATE JUDGE

## NOTICE

     In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.